**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERICKA RICHARDSON; and DEIRDRE
LOCKETT-LYKE,

                       Plaintiffs,

        v.

VONTRONIX LLC; and RON POLLI, individually
and as an Officer, Director, and/or Principal of
VONTRONIX LLC,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:


**COMPLAINT**

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff ERICKA RICHARDSON ("Richardson") and DEIDRE LOCKETT-LYKE ("Lockett-Lyke") (collectively, "Plaintiffs"), by and through their attorneys VALLI KANE & VAGNINI LLP, bring this action for damages and other legal and equitable relief against Defendants VONTRONIX LLC ("Vontronix") and RON POLLI ("Polli"), individually and as an Officer, Director, and/or Principal of VONTRONIX LLC (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the New Jersey State Wage and Hour Law ("NJWHL"), the Virginia Minimum Wage Act ("VMWA"), and any other cause(s) of action that can be inferred from the facts set forth herein.

<u>**INTRODUCTION**</u>

1.      This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs which amount to violations of both federal and state wage and hour laws.

2.      Defendant Vontronix is a company that provides television and internet services to its customers.

3.      Defendants employed Plaintiffs as Customer Service Representatives ("CSRs"), who enrolled customers in Defendants' television and internet plans and responded to customer service calls.

4.      Defendants misclassified Plaintiffs as independent contractors and paid them on a per call basis.

5.      As a result of being paid on a per call basis, throughout their employment for Defendants, Plaintiffs were deprived both the overtime premium of one and a half (1½) times their hourly rate for all hours worked over forty (40) per workweek and the statutorily required minimum wage for all hours worked per workweek in violation of the FLSA, the NJWHL, and the VMWA.

6.      Additionally, Defendants terminated Plaintiffs in retaliation for their complaints to Defendants of their failure to pay them overtime and minimum wage in violation of the FLSA, the NJWHL, and the VMWA.

7.      As a result of Defendants' unlawful acts, Plaintiffs are seeking to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) unpaid minimum wages; (iv) liquidated damages; (v) interest; (vi) attorneys' fees and costs; and (vii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. §§ 201 *et seq*.

9.    Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendants maintain facilities, conduct business and reside in this district.

10.    The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

11.    At all relevant times, Plaintiff Richardson was an "employee" within the meaning of the FLSA and the NJWHL and resided in Cliffwood, New Jersey.

12.    At all relevant times, Plaintiff Lockett-Lyke was an "employee" within the meaning of the FLSA and the NJWHL and resided in Fredericksburg, Virginia.

13.    Upon information and belief, Defendant Vontronix is a Limited Liability Company organized under the laws of the state of New Jersey and has its principal place of business in Brick, New Jersey.

14.    Defendant Vontronix transacted and continues to transact business in New Jersey and within this judicial district by employing CSRs and providing television and internet services to residents of New Jersey and this judicial district.

15.    Defendant Vontronix has at all relevant times been an "employer" covered by the FLSA, the NJWHL, and the VMWA.

16.     Upon information and belief, the amount of qualifying annual volume of business for Defendant Vontronix exceeds $500,000.00 and thus subjects Defendant Vontronix to the FLSA.

17.     Upon information and belief, Defendant Vontronix is engaged in interstate commerce. This independently subjects Defendant Vontronix to the FLSA.

18.     Upon information and belief, Defendant Polli is a Member and/or Owner of Defendant Vontronix.

19.     Upon information and belief, Defendant Polli resides in Ocean County, New Jersey and transacted business in New Jersey and within this judicial district by employing Plaintiffs and those similarly situated as CSRs.

20.     Defendant Polli hired and fired Plaintiffs.

21.     Defendant Polli maintained Plaintiffs' employment records such as their call sheets and payroll records.

22.     Defendant Polli had the power set Plaintiffs' pay schedule and rate of pay.

23.     Defendant Polli set the terms and conditions of Plaintiffs' employment.

24.     Defendant Polli had the power to discipline Plaintiffs and formulate employment policies.

25.     Defendants jointly employed Plaintiffs by employing or acting in the interest of employer towards Plaintiffs directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering them to work.

## STATEMENT OF FACTS

**I.      General Facts**

26.     Defendant Vontronix is a New Jersey entity that provides television and internet services to its customers.

27.     Defendants' television and internet service is titled VontronixTV.

28.     To handle their customer service calls, Defendants employed Plaintiffs as Customer Service Representatives, who worked out of their homes.

29.     In June 2018, Plaintiff Richardson began her employment for Defendants as a CSR.

30.     Plaintiff Richardson worked in New Jersey.

31.     In August 2018, Plaintiff Lockett-Lyke began her employment for Defendants as a CSR.

32.     Plaintiff Lockett-Lyke worked in Virginia.

33.     Plaintiffs remained employed as CSRs throughout their employment with Defendants.

34.     Plaintiffs used the "Jive" software application to take Defendants' customers' telephone calls.

35.     Defendants maintained Plaintiffs' Jive accounts and had the power to delete them.

36.     Plaintiffs were employees of Defendants and not independent contractors.

37.     Throughout their employment for Defendants, Plaintiffs were not permitted to set their own schedules or deny incoming calls.

38.     Throughout their employment for Defendants, Plaintiffs were not able to set their rates of pay.

39.     Throughout their employment for Defendants, Plaintiffs were not able to set methods or basis of pay.

40.     Throughout their employment for Defendants, Defendants had the power to hire and fire Plaintiffs.

41.     Throughout their employment for Defendants, Plaintiffs were directly supervised by Defendants.

42.     Throughout their employment for Defendants, Plaintiffs were required to answer Defendant Polli's personal telephone call he was receiving.

43.     Plaintiffs' employment with Defendants was not for a fixed term.

44.     Throughout their employment for Defendants, Plaintiffs were required to represent to Defendants' customers that they worked for Defendant Vontronix.

45.     Throughout their employment for Defendants, Defendants exercised complete control over Plaintiffs' employment.

46.     Plaintiffs, as CSRs, were not employed in a skilled position.

**II.     Facts Regarding Defendants' Overtime and Minimum Wage Violations**

47.     Throughout their employment for Defendants, Plaintiffs were compensated on a per call basis.

48.     Prior to March 2019, Defendants solely paid Plaintiffs $2.00 for every customer service call they performed and $7.00 for every customer they enrolled in VontronixTV.

49.     After March 2019, Defendants solely paid Plaintiffs $3.00 for every customer service call they performed and $7.00 for every customer they enrolled in VontronixTV.

50.     Plaintiffs were paid the same amount per call no matter its length or complexity.

51.     Defendants required Plaintiffs to record each call they took and submit the call logs to Defendants for payroll processing.

52.     Defendants did not issue Plaintiffs any additional compensation.

53.     Plaintiffs were not paid on a salary or fee basis.

54.     Defendants compensated Plaintiffs via a weekly paycheck that was issued from their headquarters in New Jersey.

55.     Plaintiffs typically worked between thirty-two (32) and forty-two (42) hours per workweek.

56.     As a result of Defendants' pays scheme, Plaintiffs were not paid the overtime rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) in violation of the FLSA and the NJMWA.

57.     As a further result of Defendants' pay scheme, Plaintiff Richardson's hourly rate of pay was frequently below the statutorily required minimum rate mandated by the FLSA and NJWA.

58.     As another result of Defendants' pay scheme, Plaintiff Lockett-Lyke's hourly rate of pay was frequently below the statutorily required minimum rate mandated by the FLSA and VMWA.

**III.     Facts Related to Plaintiffs' Retaliatory Terminations**

59.     On August 6, 2019, Plaintiffs' counsel emailed Defendant Polli on Plaintiffs' behalf to complain about Defendants' violations of the FLSA, the NJWHL, and the VMWA.

60.     On August 7, 2019, Plaintiffs attempted to commence their shift by "signing in" to the Jive software application.  Plaintiffs, however, were unable to do so as their accounts were deleted.

61.     As a result of having their Jive accounts deleted, Plaintiffs were unable to clock-in and commence taking customer service calls.

62.     That same day, Plaintiffs attempted to contact Defendant Polli to inquire about their deleted Jive accounts, but Defendant Polli never responded.

63.     To date, Plaintiffs have not been able to log into the Jive software nor have Defendants contacted them.

64.     Accordingly, Plaintiffs were effectively terminated by Defendants a day after they engaged in protected activity.

65.     Defendants unlawfully terminated Plaintiffs in retaliation for their complaints of Defendants' violations of the FLSA, NJWHL, and VMWA.

### CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**(Overtime)**

66.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

67.     Throughout the relevant time period, Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

68.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

69.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

70.     Defendants' conduct was in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The New Jersey State Wage and Hour Law**
**(Overtime)**

71.     Plaintiff Richardson re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Throughout the relevant time period, Plaintiff Richardson was required to work and did in fact work in excess of forty (40) hours per workweek.

73.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff Richardson the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

74.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

75.     Defendants' conduct was in violation of the New Jersey Wage and Hour Law.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**(Minimum Wage)**

76.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs the statutorily required minimum wage by compensating on them a per call basis, which did not equate to that statutory minimum wage mandated by the FLSA.

78.     Plaintiffs are entitled to payment at the federal statutory minimum wage for all hours worked.

79.     Defendants' conduct was willful and lasted for the duration of the relevant time period.

80.     Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New Jersey State Wage and Hour Law
### (Minimum Wage)

81.     Plaintiff Richardson re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff Richardson the statutorily required minimum wage by compensating her on a per call basis, which did not equate to that statutory minimum wage mandated by the NJWHL.

83.     Plaintiff Richardson is entitled to payment at the New Jersey statutory minimum wage for all hours worked.

84.     Defendants' conduct was willful and lasted for the duration of the relevant time period.

85.     Defendants' conduct was in violation of the New Jersey Wage and Hour Law.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### The Virginia Minimum Wage Act
### (Minimum Wage)

86.     Plaintiff Lockett-Lyke re-alleges and incorporates by reference all allegations in all preceding paragraphs.

87.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff Lockett-Lyke the statutorily required minimum wage by compensating her on a per call basis, which did not equate to that statutory minimum wage mandated by the FLSA.

88.     Plaintiff Lockett-Lyke is entitled to payment at the Virginia statutory minimum wage for all hours worked.

89.     Defendants' conduct was willful and lasted for the duration of the relevant time period.

90.     Defendants' conduct was in violation of the Virginia Minimum Wage Act.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
### (Retaliatory Discharge)

91.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92.     Plaintiffs engaged in protected activity by complaining to Defendants that their conduct violated the FLSA by refusing to compensate them the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek and the federal minimum wage for all hours worked per workweek.

93.     On August 6, 2019, Plaintiffs lodged these complaints to Defendants.

94.     On August 7, 2019, Defendants terminated Plaintiffs as a direct retaliatory result of their engagement in protected activities.

95.     Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### The New Jersey State Wage and Hour Law
### (Retaliatory Discharge)

96.     Plaintiff Richardson re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Plaintiff Richardson engaged in protected activity by complaining to Defendants that their conduct violated the NJWHL by refusing to compensate her the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek and New Jersey's minimum wage for all hours worked per workweek.

98.     On August 6, 2019, Plaintiff Richardson lodged these complaints to Defendants.

99.    On August 7, 2019, Defendants terminated Plaintiff Richardson as a direct retaliatory result of her engagement in protected activities.

100.    Defendants' conduct was in violation of the New Jersey State Wage and Hour Law.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
### The Virginia Minimum Wage Act
### (Retaliatory Discharge)

101.    Plaintiff Lockett-Lyke re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102.    Plaintiff Lockett-Lyke engaged in protected activity by complaining to Defendants that their conduct violated the VMWA by refusing to compensate her Virginia's minimum wage for all hours worked per workweek.

103.    On August 6, 2019, Plaintiff Lockett-Lyke lodged these complaints to Defendants.

104.    On August 7, 2019, Defendants terminated Plaintiff Lockett-Lyke as a direct retaliatory result of her engagement in protected activities.

Defendants' conduct was in violation of the Virginia Minimum Wage Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A.    Demand a jury trial on these issues to determine liability and damages;

B.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.    A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the New Jersey State Wage and Hour Law; and the Virginia Minimum Wage Act.

12

D.      All damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, penalties, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

E.      An award to Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

F.      An award to Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.      An award to Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

H.      Awarding Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Granting Plaintiffs other and further relief as this Court finds necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this complaint.


Dated:  October 25, 2019
         Garden City, New York

Respectfully submitted,

/s/ *Robert R. Barravecchio*
Robert R. Barravecchio
Alexander M. White
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)

(516) 706-0248 (fax)

*Attorneys for Plaintiffs*