# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between ERICKA RICHARDSON ("RICHARDSON") and DEIRDRE LOCKETT-LYKE ("LOCKETT-LYKE") (collectively, "EMPLOYEES"), and VONTRONIX INC., RON POLLI ("POLLI"), and RANDY SCHLEUSS ("SCHLEUSS") (collectively, "EMPLOYER"), (together, the "Parties").

WHEREAS, EMPLOYER wishes to avoid further expense, inconvenience and controversy in connection with litigating any and all claims and/or disputes, whether asserted or unasserted, that EMPLOYEES have or could have against EMPLOYER; and

WHEREAS, the parties now wish to enter into a settlement of all wage claims arising out of EMPLOYEES' employment with and separation from EMPLOYER as set forth in an action styled *Richardson, et al. v. Vontronix Inc., et al.*, 1:19-CV-19339 (MAS)(LHG) (D.N.J. 2019) pending in the United States District Court for the District of New Jersey.

NOW THEREFORE, in consideration of the mutual agreements contained herein and for other good cause and valuable consideration, the parties agree as follows:

1. Consideration. Subject to the occurrence of all of the events listed in this paragraph and subdivisions, within one hundred and thirty-five (135) days of EMPLOYEES providing an executed copy of the Agreement and Valli Kane & Vagnini LLP ("VKV") providing a Form W-9, EMPLOYER agrees to pay EMPLOYEES the total gross amount of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00), inclusive of any and all fees and costs (the "Settlement Amount"), by delivering payments to EMPLOYEES' Counsel Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, New York 11530, in five (5) installments as follows:

    a. First Installment: Within fifteen (15) days of EMPLOYEES providing an executed copy of the Agreement and VKV providing a Form W-9, EMPLOYER shall make a payment via check to RICHARDSON in the amount of Two Thousand Seven Hundred Fifty-Five Dollars and Sixty Cents ($2,755.60), reportable on IRS Form 1099, a payment via check to LOCKETT-LYKE in the amount of One Thousand Seven Hundred Forty-Four Dollars and Forty Cents ($1,744.40), reportable on IRS Form 1099, and a payment via check to Valli Kane & Vagnini LLP, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), representing EMPLOYEES' attorneys' fees and costs as counsel to EMPLOYEES in this matter.

    b. Second Installment: Within forty-five (45) days of EMPLOYEES providing an executed copy of the Agreement, EMPLOYER shall make a payment via check to RICHARDSON in the amount of Two Thousand Three Hundred Eighty-Five Dollars and Ten Cents ($2,385.10), reportable on IRS Form 1099, a payment via check to LOCKETT-LYKE in the amount of One Thousand Four Hundred Eighty-Nine Dollars and Ninety Cents ($1,489.90), reportable on IRS Form 1099, and a payment via check to Valli Kane & Vagnini LLP, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00),

representing EMPLOYEES' attorneys' fees and costs as counsel to EMPLOYEES in this matter.

c. Third Installment: Within seventy-five (75) days of EMPLOYEES providing an executed copy of the Agreement, EMPLOYER shall make a payment via check to RICHARDSON in the amount of Two Thousand Three Hundred Eighty-Five Dollars and Ten Cents ($2,385.10), reportable on IRS Form W-2, a payment via check to LOCKETT-LYKE in the amount of One Thousand Four Hundred Eighty-Nine Dollars and Ninety Cents ($1,489.90), reportable on IRS Form W-2, and a payment via check to Valli Kane & Vagnini LLP, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), representing EMPLOYEES' attorneys' fees and costs as counsel to EMPLOYEES in this matter.

d. Fourth Installment: Within one hundred five (105) days of EMPLOYEES providing an executed copy of the Agreement, EMPLOYER shall make a payment via check to RICHARDSON in the amount of Two Thousand Three Hundred Eighty-Five Dollars and Ten Cents ($2,385.10), reportable on IRS Form W-2, a payment via check to LOCKETT-LYKE in the amount of One Thousand Four Hundred Eighty-Nine Dollars and Ninety Cents ($1,489.90), reportable on IRS Form W-2, and a payment via check to Valli Kane & Vagnini LLP, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), representing EMPLOYEES' attorneys' fees and costs as counsel to EMPLOYEES in this matter.

e. Fifth Installment: Within one hundred thirty-five (135) days of EMPLOYEES providing an executed copy of the Agreement, EMPLOYER shall make a payment via check to RICHARDSON in the amount of Two Thousand Three Hundred Eighty-Five Dollars and Ten Cents ($2,385.10), reportable on IRS Form W-2, a payment via check to LOCKETT-LYKE in the amount of One Thousand Four Hundred Eighty-Nine Dollars and Ninety Cents ($1,489.90), reportable on IRS Form W-2, and a payment via check to Valli Kane & Vagnini LLP, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), representing EMPLOYEES' attorneys' fees and costs as counsel to EMPLOYEES in this matter.

If EMPLOYER is untimely in making a settlement payment, EMPLOYEES' counsel shall provide written notice to EMPLOYER'S counsel, Lawrence H. Shapiro and Rahool Patel of Ansell Grimm & Aaron, P.C., and EMPLOYEES will then have five (5) days to cure. Should EMPLOYER fail to cure the failure to pay, EMPLOYER agrees that all monies still due and owing EMPLOYEES under this Agreement will be accelerated and therefore come due immediately. EMPLOYER agrees that in the event all monies still due and owing are accelerated EMPLOYEES will be entitled to enter a Judgment against EMPLOYER for the full amount of all monies owed. EMPLOYER agrees to pay any and all reasonable attorneys' fees and costs incurred by EMPLOYEES relating to the enforcement of any portion of this paragraph.

2.  Tax Liability. EMPLOYEES agree and understand that if a government taxing authority determines that any local, state, and/or federal taxes on those payments and/or any penalties or assessments thereon are due, they are responsible for payment, except the Employer shall be responsible for all federal, state, local and employment taxes customarily owed by an Employer.

3.      Release of Claims. In consideration of the foregoing payment, EMPLOYEES each hereby release and discharge EMPLOYER from each and every right, claim, debt, and cause of action whatsoever, asserted against EMPLOYER by EMPLOYEES in the action styled *Richardson, et al. v. Vontronix Inc., et al.*, 1:19-CV-19339 (MAS)(LHG) (D.N.J. 2019). Accordingly, this release includes only wage-related claims asserted by EMPLOYEES of unpaid minimum wage, unpaid overtime, back pay, and liquidated damages under state or federal law arising during employment with or by EMPLOYER pursuant to the Fair Labor Standards Act, the New Jersey State Wage and Hour Law, and the Virginia Minimum Wage Act.

4.      Non-Interference. Nothing in this Agreement shall interfere with the EMPLOYEES' right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.

5.      Neutral Reference. EMPLOYER agrees that if it is contacted by a future prospective employer, EMPLOYER will only respond by providing EMPLOYEES' dates of employment and last job title and indicate that it is company policy to do so.

6.      Governing Law and Interpretation. This Agreement and Release shall be governed and conformed in accordance with the laws of the state of New Jersey. In the event of a breach of any provision of this Agreement and Release, either Party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach.

7.      Unenforceability. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, the enforceability of the remaining provisions of this Agreement and Release will not be impaired.

8.      Non-admission of Wrongdoing. The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by either Party of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.      Amendment. This Agreement and Release may not be modified, altered, or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

10.     Execution of Agreement. This Agreement may be executed in counterparts, and/or by facsimile or electronic copy, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.

11.     Entire Agreement. This Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. EMPLOYEES acknowledges that EMPLOYEES has not relied on any representations, promises, or agreements of any kind made to EMPLOYEES in connection with EMPLOYEES' decision to accept this Agreement and Release, except for those set forth in this Agreement and Release.

12. <u>Warranties/Representations.</u> Each Party hereby warrants and represents that it:
   a) <u>has carefully read and fully understands this Agreement;</u>
   b) <u>is executing this Agreement knowingly and voluntarily, without any duress, coercion, or undue influence by the other party, its representatives, or any other person; and</u>
   c) <u>has been represented by and/or given the opportunity to consult with legal counsel of choice in this matter, including negotiation of this agreement, and had had ample opportunity to consult with legal counsel of choice before executing this Agreement.</u>

**EMPLOYEES ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEES' SIGNING OF THIS AGREEMENT AND RELEASE.**

**EMPLOYEES MAY REVOKE THIS AGREEMENT AND RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEES SIGN THIS AGREEMENT AND RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO EMPLOYER AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND RELEASE." THE REVOCATION MUST BE MAILED TO EMPLOYER AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEES SIGN THIS AGREEMENT AND RELEASE.**

If the last day of the Revocation Period falls on a Saturday, Sunday or legal holiday, the last day of the Revocation Period will be deemed to be the next business day. Unless revoked by EMPLOYEES as set forth in this paragraph, this Agreement and Release shall become effective and enforceable on the eighth (8th) day after its execution by EMPLOYEES.

**EMPLOYEES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THOSE CLAIMS SET FORTH ABOVE AS AGAINST EMPLOYER.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

ERICKA RICHARDSON                             VONTRONIX INC. – RON POLLI

By:_____                    By:_____

Date:_____                    Date:_____

DEIRDRE LOCKETT-LYKE                          RON POLLI

By:_____                    By:_____

Date:_____                    Date:_____

4

RANDY SCHLEUSS

By:_____

Date:_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------

ERICKA RICHARDSON; and DEIRDRE LOCKETT-LYKE,

                      Plaintiffs,

v.

VONTRONIX INC.; RON POLLI, individually and as an Officer, Director, and/or Principal of VONTRONIX INC.; and RANDY SCHLEUSS, individually and as an Officer, Director, and/or Principal of VONTRONIX INC.,

                      Defendants.

------------------------------------

Case No.: 1:19-CV-19339 (MAS)(LHG)

**AFFIDAVIT FOR CONFESSION OF JUDGMENT**

STATE OF _____

COUNTY OF _____ ss.:

**RON POLLI**, being duly sworn, deposes and says:

a. I am an individually named Defendant in this action and have a residence address of

    _____

    _____

    _____

b. I am an officer and owner of Defendant Vontronix Inc. ("Vontronix") and am authorized to sign on their behalf.

c. Defendant Vontronix, myself and co-owner Randy Schleuss, hereby confess judgment in this Court in favor of the Plaintiffs, **Erika Richardson and Deirdre Lockett-Lyke,** in the sum of $35,000.00 less any monies paid to Plaintiffs pursuant to the Agreement, plus attorneys' fees and costs to be determined by a court of competent jurisdiction related to collection of moneys related thereto, together with simple interest from February ___, 2020, computed at a rate of 2.25% per annum, plus costs and disbursements, less amounts paid pursuant to the Agreement dated in or around February ___, 2020, and do hereby authorize the Plaintiffs or assigns to enter judgment for said amount.

d. I authorize entry of judgment in the United States District Court for the District of New Jersey appearing in the caption above.

e. Judgment is not confessed with fraudulent intent or to protect the property of the Defendants from creditors.

f. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability, and is not an installment loan within the prohibition of any applicable law. Plaintiffs cannot recover more than the total amount of this judgment from Defendant Vontronix or its owners.

_____  _____
Vontronix Inc. -- Ron Polli                                Date

_____  _____
Ron Polli in his individual capacity              Date

_____  _____
Randy Schleuss in his individual capacity     Date

Sworn to before me this \_\_\_\_\_ day of _____, _____

_____
NOTARY PUBLIC
My commission expires on: